# Exhibit 1

**Exhibit 1**

# MCI v. American Infrastructure Investigation

Jason D. Boyd, P.E., LEED AP
Civil Engineer

May 21, 2012

CED Case No. 9180.1

## CED INVESTIGATIVE TECHNOLOGIES, INC.

Table of Contents

Introduction ............................................................................................................................. 1

Background ............................................................................................................................. 1

Investigation ........................................................................................................................... 1

Discussion ............................................................................................................................... 4

Conclusions ............................................................................................................................. 5

MCI v. American Infrastructure Investigation
CED Case No. 9180.1

### Introduction

On April 12, 2012, CED Investigative Technologies, Inc. (CED) was asked to perform an investigation and analysis involving a fiber optic cable line that was reportedly struck during excavation operations. A contractor was excavating for the installation of water lines when a buried fiber optic cable line was allegedly struck and damaged. The purpose of CED's investigation and analysis was to determine what caused and/or contributed to this incident.

### Background

On August 11, 2009, American Infrastructure was in the process of excavating for the installation of two new water lines from the Potomac River to a water treatment plant. Active fiber optic cable lines were known to be in the area as they had been previously marked by MCI. As such, American Infrastructure employees were hand digging with shovels and digging irons to locate the line. During the process, the fiber optic cable line was reportedly damaged. The incident occurred near the intersection of Nolands Road and the CSX rail line in Tuscarora, Maryland. MCI reportedly sustained monetary damages as a result of the fiber optic cable line strike.

### Investigation

CED's investigation included a review of the following written materials:
1. Complaint;
2. Defendant's Answers to Interrogatories;
3. Defendant's Responses to Request for Production of Documents;
4. Defendant's Supplemental Answers to Interrogatories;
5. Engineering Plans;

6. CSX Workzone Drawings Application;
7. As-built Drawings;
8. Plaintiff's Requests for Admissions;
9. Plaintiff's Expert Designation with Expert Opinions;
10. Plaintiff's Answers to Interrogatories;
11. Plaintiff's Response to Request for Production of Documents;
12. Contract Award;
13. Miss Utility Locate Tickets;
14. Witness Statements;
15. Photographs Provided By Counsel;
16. Construction Specifications;
17. Daily Job Control Report, 8/11/09;
18. OSHA Part 1926;
19. TIA Standard 590-A;
20. CNA Document – Minimum Damage Prevention Guidelines;
21. NTSB – Safety Study;
22. NULCA – Guide for Protection of Underground Facilities;
23. Transportation Equity Act for the 21st Century;
24. CGA Study – Common Ground;
25. AGF Report – 2005;
26. Miss Utility Maryland and D.C. Damage Prevention Guide;
27. FOA Technical Bulletin;

Page 3   MCI v. American Infrastructure - CED Case No. 9180.1

### Miss Utility Locate Ticket #9380096

This document revealed the following information:

- Ticket was called in on 8/3/09 with an expected work to begin date of 8/5/09.
- Ticket was valid on date of incident.
- Ticket called for locating of existing utilities at the incident area.

### Witness Statements

This document revealed the following information:

- "Crew was test pitting with shovel. Dug down 43". Nicked line with shovel."

### Photographs provided by Counsel

This document revealed the following information:

- The fiber optic cable line was marked with orange paint in the area of the incident.
- A test hole was dug in an attempt to locate the fiber optic cable line.
- The damaged fiber optic cable line was not located within conduit.

### Miss Utility Damage Prevention Guide

This document revealed the following information:

- Tickets are currently good for 12 business days after they are transmitted to the owner members.
- Tickets were good for 10 business days after they were transmitted to the owner-members prior to May 20, 2010.
- Two full business days are required from the time Miss Utility is notified until the time the contractor can begin work.
- Communication lines are to be marked using orange paint.
- No mechanized equipment is allowed within 18" of the outermost edge of any

Page 4  MCI v. American Infrastructure - CED Case No. 9180.1

underground utility line.

- Hand digging is required within 18" of the utility line.
- "The exact location of the installations shall be determined by safe and acceptable means such as test/pot holing all marked lines .... To confirm the exact line location and depth...."

### Discussion

Utility locating is a common construction activity prior to any excavation. At the subject location, the proposed water mains were to be installed perpendicular to, and crossing, the subject fiber optic cable line. To complete the crossing, the contractors had to determine the exact physical location and depth of the fiber optic cable line to ensure no conflicts with the proposed water mains. The typical construction standard of care for locating utility lines, as outlined in the Maryland Miss Utility Guidelines, OSHA, and multiple other publications, is to follow a designated set of locating procedures. These procedures include first, to notify Maryland Miss Utility, and provide them with the location of the proposed work, and the proposed construction dates. This notification (locate ticket) must be called in two full business days prior to any work within the locate area commencing. Miss Utility contacts all utility owners within their system, and notifies them to mark any facilities that may be within the locate area. The utility then is required to mark their facilities within the two day time span, using accepted marking methods (in this case orange paint for communication lines). Upon the utilities being marked, the contractor is required to dig test or pot holes, using only hand tools, to determine the exact location and depth of the utility. When the line is uncovered, the contractor is responsible for only using hand tools within 18" of the utility line. No mechanical excavation equipment is allowed to be used in that area.

With regard to the subject line, Miss Utility was notified on 8/3/09 with an

Page 5   MCI v. American Infrastructure - CED Case No. 9180.1

expected commencement of work on 8/5/09, meeting the two day requirement. The lines were appropriately marked with orange paint by the utility provider. On 8/11/09, on an active locate ticket, American Infrastructure began hand digging a test hole to locate the fiber optic cable line, as required by OSHA and Miss Utility. During the process of digging the test hole, the fiber optic cable line was accidentally nicked by a shovel. The fiber optic cable line was not within conduit at the incident location. Had the fiber optic cable line been installed within conduit at the incident location, the damage would have been avoided. Though it is not a requirement for all fiber optic cable line to be run within conduit, it is widely known within the construction industry that locating lines in conduit is significantly less challenging and risky, and causes significantly less instances of damage than when locating bare lines. The actions by the contractors were well within the standard of care for excavations as outlined by Miss Utility, OSHA, and multiple other excavation references. The contractors met all utility marking and locating responsibilities and the damages were merely a result of unfortunate circumstance.

## Conclusions

Based on the review of written materials, CED is able to conclude the following, to a reasonable degree of engineering certainty:

1. The excavation work was performed under an active Miss Utility locate ticket.
2. The fiber optic cable line was marked appropriately.
3. Test holes were appropriately hand dug per OSHA, Miss Utility, and other applicable excavation standards.
4. The fiber optic cable line was not run within conduit.
5. American Infrastructure followed all industry standards with regard to marking and locating the fiber optic cable line.

CED INVESTIGATIVE TECHNOLOGIES, INC.

Page 6   MCI v. American Infrastructure - CED Case No. 9180.1

6. The damage to the fiber optic cable line was a result of unfortunate circumstance, and was not a result of any negligence or breach of the standard of care on the part of American Infrastructure.

CED reserves the right to amend this report should additional material become available. If there are any questions about the content of this report, or if new information becomes available, please contact our offices.

Submitted by:

Jason D. Boyd, P.E., LEED AP
Civil Engineer

Reviewed by:

Anthony L. Bocchichio
Mechanical Engineer

CED INVESTIGATIVE TECHNOLOGIES, INC.